**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
GREGORY T. GRANT,             :
                              :  Civil Action No. 07-3807 (AET)
         Plaintiff,           :
                              :
     v.                       :     **O P I N I O N**
                              :
MICHAEL G. PAUL, et al.,      :
                              :
         Defendant.           :
_____:

**APPEARANCES:**

Gregory T. Grant, <u>Pro</u> <u>Se</u>
Central Reception & Assignment Facility
#477021/248480B
P.O. Box 7450
West Trenton, NJ 08628

**THOMPSON, District Judge**

Plaintiff, Gregory T. Grant, currently incarcerated at the Central Reception and Assignment Facility, West Trenton, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court will grant his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff seeks to sue Michael G. Paul, Esq., his appointed criminal "pool" attorney for ineffective assistance of counsel, and for violating his constitutional rights.  He alleges that defendant was appointed to represent him on "appeal" in the Superior Court of New Jersey, and that Defendant would not allow him to explain how he was falsely accused.  Defendant told Plaintiff that he felt Plaintiff was "high on drugs" when he was arrested, that the officers involved in his arrest would lie about the robbery, and that "someone wanted [him] off the streets due to [his] conviction in 2000."  Defendant told Plaintiff that he would lose at trial and receive a ten-year sentence, and apparently, the "appeal" was withdrawn.  Plaintiff has since been appointed a new attorney, but complains that the new attorney does not communicate with him.  Plaintiff believes that the appeal should not have been withdrawn by Defendant.

Plaintiff asks for monetary damages for the each day he has been incarcerated.

## DISCUSSION

**A.    Section 1915 Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the

3

plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

**B.   42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v.

4

S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff seeks to sue defendant Michael G. Paul, Esq., a private attorney appointed to his criminal case, for violations of his constitutional rights.  However, Plaintiff pleads no facts to suggest that counsel was a state actor.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981); see also Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Therefore, Plaintiff's complaint must be dismissed.[1]

---

[1] The Court further notes that although Plaintiff may allege facts indicating that he received ineffective assistance of counsel, Plaintiff has not plead that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages.  See Heck v. Humphrey, 512 U.S. 477 (1994).

5

**CONCLUSION**

For the foregoing reasons, Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order accompanies this Opinion.

```
              __s/ Anne E. Thompson_____
              ANNE E. THOMPSON
              United States District Judge
```

Dated: 8/24/07